UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE MORALES,

                          Plaintiff,

        v.                                             9:13-CV-0383
                                                          (GLS/RFT)

BRIAN FISCHER; et al.,

                          Defendants.
_____

APPEARANCES:

JOSE MORALES
10-A-2344
Plaintiff, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff pro se Jose Morales commenced this action seeking relief for the alleged violation of his Eighth Amendment right to proper and adequate medical care during his confinement at Clinton Correctional Facility ("Clinton C.F."). *See* Dkt. No. 1 ("Compl."). Plaintiff, who did not paid the filing fee for this action, requested leave to proceed in forma pauperis. Dkt. No. 2.

Upon review of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b), the Court determined that the complaint was subject to dismissal. Dkt. No. 5 (the "June Order"). In light of his pro se status, plaintiff was afforded the opportunity to

file an amended complaint. *Id.* at 8-9.[1]

Plaintiff duly filed an amended complaint. Dkt. No. 6. Upon review of that pleading, the Court found that plaintiff's submission was not a complete pleading. Dkt. No. 10 (the "October Order").[2] As a result, the Court found that the amended complaint did not cure the pleading deficiencies identified in the June Order. *Id*. 3, 6. In light of plaintiff's pro se status, he was afforded the opportunity to file a second amended complaint. *Id*. at 4, 6.

Plaintiff's second amended complaint is before this Court for review. *See* Dkt. No. 11 ("Second Am. Compl.").[3]

## II.   DISCUSSION

In his second amended complaint, plaintiff states that he has suffered from a skin rash on and off for several years. *See* Second Am. Compl. at 5. Plaintiff further states that his rash was treated successfully with an "ointment" during his 2011 confinement in federal custody at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Upon his return to Clinton C.F. in 2012, the skin rash returned and plaintiff was evaluated and treated by "the doctor" on several occasions. *Id*. According to plaintiff, the medication(s) prescribed did not resolve his rash. *Id*.[4] Plaintiff asked his medical providers at Clinton C.F. to review

---

[1] Plaintiff was also granted leave to proceed in forma pauperis. June Order at 9.

[2] As noted in the October Order, the amended complaint did not include a short and plain statement of facts in support of plaintiff's medical indifference claim. October Order at 3. Rather, the amended complaint consisted only of a listing of the defendants and a discussion of relevant legal principles and related case law and, as such, was not susceptible of a meaningful response by the defendants. *Id*. at 3-4.

[3] The Court has also reviewed plaintiff's supplemental submission (Dkt. No. 12) submitted in support of his second amended complaint.

[4] In his original complaint, plaintiff also stated that he was "given different prescriptions" than at MDC, but did not allege that treatment was denied. *See* Compl. at 5. As discussed in the June Order, the medical records submitted by plaintiff in support of that pleading reflect that he was evaluated and treated for this condition at least eleven times between August 17 and December 4, 2012, and was evaluated by a

the medical records from the MDC so that the same "ointment" could be prescribed, but was told that they did not have access to those records. *Id*. Plaintiff also alleges that Dr. Ferrari threatened to "put plaintiff in solitary confinement if plaintiff continued to bring the same medical issue up again." *Id*. at 7.[5] The eight defendants named in the original complaint are named in the second amended complaint. *Id.* at 1-3.[6]

The second amended complaint also asserts a medical indifference claim arising out of plaintiff's confinement at Upstate Correctional Facility ("Upstate C.F."). Second Am. Compl. at 6. Plaintiff states that he was transferred to Upstate C.F. in August, 2013. *Id*.[7] According to plaintiff, he was able to obtain copies of his medical records from MDC and requested that they be reviewed by medical staff at that facility so that he could receive the same treatment he had been given previously. *Id*.[8] Plaintiff alleges that medical staff at Upstate C.F. refused to review his old records and failed to provide him with appropriate medication to treat his skin condition. *Id*. Plaintiff's medical providers at Upstate C.F. are not named as defendants in this pleading.

---

dermatologist in November, 2012. *See* June Order at 8; *see also* Compl. at 11-40.

[5] Plaintiff does not allege that Dr. Ferrari took punitive measures against him, or that he ceased his pursuit of medical treatment at Clinton C.F. as a result of Dr. Ferrari's remark. While the Court does not condone misconduct of any kind, "verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Moncrieffe v. Witbeck,* No. 97-CV-253 (NAM/DRH), 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (quoting *Aziz Zarif Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y. 1998)).

[6] In addition to Dr. Ferrari, Clinton C.F. Superintendent LaValley, Facility Health Services Director Johnson, Nurse Administrator Collins, Department of Corrections and Community Supervision Commissioner Fischer, Regional Medical Director Whalen, Deputy Commissioner Koenigsmann, and Regional Health Services Administrator Grinsberg are named as defendants. Second Am. Compl. at 1-3.

[7] Plaintiff has been confined at Elmira Correctional Facility since October, 2013. *See* Dkt. No. 13.

[8] Plaintiff submitted copies of his medical records from MDC as exhibits to his second amended complaint. *See* Dkt. No. 11-1.

3

Upon review of the second amended complaint, the Court finds that the facts alleged by plaintiff regarding his medical care at Clinton C.F. do not differ in any material respect from the facts alleged in his original complaint. *Compare* Compl. at 5-6 *with* Second Am. Compl. at 5. Based upon the foregoing, for the reasons set forth in the June Order the Court finds that the second amended complaint does not state one or more claims against the original defendants for the violation of plaintiff's Eighth Amendment right to proper and adequate medical care upon which this Court may grant relief. *See* June Order at 7-8.[9] The Court also finds that the second amended complaint does not state a cognizable Eighth Amendment claim arising out of plaintiff's confinement at Upstate C.F. Here again, plaintiff has not set forth factual allegations sufficient to plausibly suggest that medical staff at that facility acted with deliberate indifference, were reckless in their treatment of plaintiff, or provided him with medical treatment that was "inadequate" in a constitutional sense. Dismissal is also warranted because plaintiff has not named the individuals responsible for his medical care at Upstate C.F. as defendants.

As a result, this action is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b).

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's second amended complaint (Dkt. No. 11) fails to state an Eighth Amendment claim against the named defendants for denial of proper and adequate

---

[9] As discussed in the June Order, "[t]he mere fact that plaintiff's condition did not resolve fully, or that a different treatment might have been more efficacious, does not give rise to a constitutional violation under the Eighth Amendment." June Order at 6-8 (citing cases).

medical care and is hereby **DISMISSED** in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b); and it is further

    **ORDERED** that the Clerk shall enter judgment accordingly; and it is further

    **ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: February 12, 2014
       Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court